**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **(1) GROWTECH INDUSTRIES, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| | ) | |
| **(1) MARY MECHANIX, L.L.P.,** | ) | |
| **(2) MMX, LLC,** | ) | |
| **(3) CRYDER INVESTMENTS, LLC,** | ) | |
| **(4) CRYDER CAPITAL, LLC,** | ) | **Case No.** CIV-21-841-F |
| **(5) C. STERLING CRYDER,** | ) | |
| **(6) LIZA B. CRYDER,** | ) | |
| **(7) GUANXI DYNASTY, LLC,** | ) | |
| **(8) PHILIP WONG,** | ) | |
| **(9) CHARLES STANLEY SANER,** | ) | |
| **(10) RANDALL TYSON SANER,** | ) | |
| **(11) BDR PROCESSING, LLC,** | ) | |
| **(12) BRYAN RAMER,** | ) | |
| **(13) QUALITY GREENS, LLC, and** | ) | |
| **(14-16) JOHN DOES 1-3.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

COMES NOW, Plaintiff, Growtech Industries, LLC ("Plaintiff"), and for its claims against

Defendants, Mary Mechanix, L.L.P., MMX, LLC, Hartstrong, LLC, Brian M. Armstrong, Joseph

Neihart, Cryder Investments, LLC, Cryder Capital, LLC, C. Sterling Cryder, Liza B. Cryder,

GuanXi Dynasty, LLC, Philip Wong, Charles Stanley Saner, Randall Tyson Saner, BDR

Processing, LLC, Bryan Raymer, Quality Greens, and John Does 1-3 (collectively "Defendants"),

states and alleges as follows:

## PARTIES

1.      Plaintiff, Growtech Industries, LLC, is a New York limited liability company with all its members being residents of the State of New York.

2.      Defendant, Mary Mechanix, L.L.P. is an Oklahoma limited liability partnership, with all its partners and members, and any member thereof, being residents of the State of Oklahoma.

3.      Defendant, MMX, LLC is an Oklahoma limited liability company, with all its members, and any member thereof, being residents of the State of Oklahoma.

4.      Defendant, Hartstrong, LLC is an Oklahoma limited liability company, with all its members, and any member thereof, being residents of the State of Oklahoma.

5.      Defendant, Brian M. Armstrong is an individual residing in the State of Oklahoma.

6.      Defendant, Joseph Neihart is an individual residing in the State of Oklahoma.

7.      Defendant, Cryder Investments, LLC is an Oklahoma limited liability company, with all its members, and any member thereof, being residents of the State of Oklahoma.

8.      Defendant, Cryder Capital, LLC is an Oklahoma limited liability company, with all its members, and any member thereof, being residents of the State of Oklahoma.

9.      Defendant, C. Sterling Cryder is an individual residing in the State of Oklahoma.

10.     Defendant, Liza B. Cryder is an individual residing in the State of Oklahoma.

11.     Defendant, GuanXi Dynasty, LLC is an Oklahoma limited liability company, with all its members, and any member thereof, being residents of the State of Oklahoma.

12.     Defendant, Philip Wong, is an individual residing in the State of Oklahoma.

13.     Defendant, Charles Stanley Saner is an individual residing in the State of Oklahoma.

14.    Defendant, BDR, LLC is an Oklahoma limited liability company, with all its members, and any member thereof, being residents of the State of Oklahoma.

15.    Defendant, Bryan Raymer is an individual residing in the State of Oklahoma.

16.    Defendant, Quality Greens, LLC is an Oklahoma limited liability company, with all its members, and any member thereof, being residents of the State of Oklahoma.

17.    Defendant, Randall Tyson Saner is an individual residing in the State of Oklahoma.

18.    Defendants, John Does 1-3, are additional entities or individuals yet to be identified who may have received transfers of the properties and assets which are the subject of this action.

## JURISDICTION AND VENUE

19.    This Court has subject matter jurisdiction over all the Defendants pursuant to 28 U.S.C. § 1332 because the parties have complete diversity of citizenship and the amount in controversy exceeds $75,000.00.

20.    Venue is also proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims in this lawsuit occurred in this district, a substantial part of the property that is the subject of this action is located in this district, and the Defendants reside or have their principal place of business in the State of Oklahoma and in this district.

## FACTUAL BACKGROUND

21.    Plaintiff is a company located in New York which manufactures Cannabox Containers which are self-contained, climate-controlled units and related mechanical equipment used for the growth and cultivation of cannabis (the "Cannabox Containers").

22.    On February 8, 2019, Defendant, Mary Mechanix, L.L.P. (sometimes referred to herein as "Mary Mechanix" or the "Judgment Debtor") entered into a Sales Agreement with

Plaintiff for the purchase of multiple Cannabox Containers (the "Sales Agreement"). Pursuant to the Sales Agreement, Mary Mechanix made purchases of goods and services in the total amount of $1,914,388.00, but only paid $1,551,444.24, leaving a balance owed of $362,943.75 (the "Balance Owed").

23.     On April 14, 2020, Plaintiff commenced an action against Mechanix for breach of contract and collection on account for the Balance Owed in connection with the purchase of the Cannabox Containers. This action was styled *Growtech Industries, LLC v. Mary Mechanix, L.L.P.,* Civil Case No. 20-cv-3019, before the United States District Court for the Southern District of New York (the "New York Action"). Mary Mechanix was duly and properly served with the First Amended Complaint and Summons in the New York Action, entered its appearance, and filed a responsive pleading to Plaintiff's Complaint. However, Mary Mechanix thereafter failed to comply with the District Court's Rule 16(b) discovery order, and after Plaintiff's counsel in the New York Action sought to compel Mary Mechanix's compliance with such discovery order, Mary Mechanix advised the Court that it was no longer going to defend against Plaintiff's claims in the New York Action.

24.     As a consequence of Mary Mechanix's decision to no longer defend against Plaintiff's claims in the New York Action, on January 21, 2021, the Court in the New York Action entered Default Judgment in favor of Plaintiff and against Mary Mechanix, in the principal amount of $362,943.75, for costs in the amount of $518.17, plus additional costs and accruing interest (the "Judgment"). As of the date of the filing of this Petition, the Foreign Judgment, with interest and costs, totals $409,102.23.

25.     On April 23, 2021, Plaintiff proceeded to domesticate the Judgment in the State of Oklahoma by filing a Notice of Filing Foreign Judgment (the "Notice") in the action styled *Growtech Industries, LLC v. Mary Mechanix, L.L.P.,* Case No. CV-2021-965 in the District Court of Oklahoma County, State of Oklahoma (the "Domestication Proceeding"). This Notice of Filing Foreign Judgment was then duly and properly served on both Mary Mechanix (the "Judgment Debtor") and its registered service agent.

26.     On May 17, 2021, Plaintiff filed a Motion Requiring Judgment Debtor to Appear and Answer Concerning its Property and Forbidding Transfer or other Disposition of Property (the "Motion for HOA"). Based on this Motion, the Court entered Orders to Appear and Answer as to Assets and Forbidding the Transfer or other Disposition of Property ("Orders to Appear") to Bryan Armstrong, Sterling Cryder, and Philip Wong as representatives of the Judgment Debtor. Each representative was duly and properly served with the Orders to Appear which required them to appear before the Court on June 21, 2021, for a hearing on assets (the "Hearings on Assets" or "HOAs").

27.     On June 21, 2021, Plaintiff conducted the HOAs at which time testimony and financial records related to the operation of the Judgment Debtor were presented and examined. Based on this testimony and evidence, it was discovered that certain monies, property, assets, and other interests therein belonging to the Judgment Debtor were improperly transferred to certain of the Defendants (the "Transferred Assets"), to wit:

  a.     On April 3, 2019, Judgment Debtor transferred and conveyed to Cryder Capital, LLC, a security interest in and to all the Cannabox Containers.

  b.     On June 2, 2020, Judgment Debtor transferred and conveyed to Cryder Capital, LLC, all right, title, and interest in and to eleven (11) 40' Cannabox Containers and nine (9) 20' Cannabox Containers.

c.      On July 24, 2020, Judgment Debtor transferred and conveyed to Hartstrong, LLC, all right, title, and interest in and to the following: Twelve 9x9 Grow Tents and all equipment inside them, two 10x20 Grow Tents with all equipment inside them, two EZ Cloners, three Cloners, four HVAC units from 94th Street Facility, Various Security Cameras from 94th Street Facility, Various Audio Equipment from 94th Street Facility, Futurola Shredder, Harvest Right Freeze Display, Autocure Machine, Convectium Shark Cart Filler, Rosin Press, Three HVAC Condenser Main Units for bays, and additional miscellaneous equipment, racks, fans, and supplies from 94th Street Facility that were previously removed by Hartstrong, LLC.

d.      On July 24, 2020, Judgment Debtor transferred and conveyed to Hartstrong, LLC the right to receive the $12,000.00 security deposit on the 94th Street Facility.

e.      On August 15, 2020, Judgment Debtor transferred and conveyed to BDR Processing, LLC all right to lease and use the following: C1D1Lab, IronFist Closed Loop Extraction Machine, ASPS Compressor, Summit Research Short Path, Rotary Evaporator, Refrigerator Circulator, Pump, Ice Cream Maker looking machine, Glass Columns, Convectium Cart Filling Machine, Across International Vacuum Oven, Chillers-Large, Chillers-Small, Chillers-Xsmall, Digivac Wireless Vacuum Gauge, 50 Shot Vape Cart Gun, IKA Hot Plate, Chest Freezer, Second Chest Freezer, Small Chest Freezer, Growing Equipment, EZ Cloner, and Futurola Knockbox.

f.      On March 30, 2021, Cryder Investments, LLC transferred and conveyed to Quality Greens, LLC without the payment of any consideration the right to lease and use, with an option to purchase, eleven (11) 40' Cannabox Containers and nine (9) 20' Cannabox Containers.

g.      Any and all other transfers of any money, property, asset, or other interest hereafter discovered to have been improperly transferred, sold, leased, used, concealed, or removed by Judgment Debtor or any Defendant.

28.     It is evident that these transfers of the Transferred Assets were done in anticipation and/or in the face of the entry of Plaintiff's Judgment, and for the purpose of avoiding the payment of that and other obligations owed to Plaintiff. Accordingly, and as further set forth below, Plaintiff now files this action to avoid such transfers and obtain all other relief as is necessary to secure the collection of its Judgment.

## FIRST CAUSE OF ACTION
### (Avoidance of Fraudulent Transfer)

29.     Plaintiff re-alleges and incorporates by reference each and every material allegation in the foregoing paragraphs as if fully set forth herein.

30.     As detailed above, in anticipation of and/or subsequent to the entry of the Judgment, the Judgment Debtor, in concert with one or more of the other named Defendants, acted to give, transfer, or convey the Transferred Assets to Defendant with the actual and constructive intent to hinder, delay, and defraud Plaintiff and to prevent Plaintiff from collecting its Judgment.

31.     Judgment Debtor's and/or Defendant's conveyance of the Transferred Assets was not made in the ordinary course of their business or financial affairs, was not an arms-length transaction for value, and was in anticipation, during the pendency, and/or after the entry of the Judgment and/or the domestication of the Judgment in this Court.

32.     Further, upon information and belief, one or more of the Defendants are owners, officers, and/or are closely related to the Judgment Debtor, and as such are insiders as that term is defined under 24 O.S. § 113.

33.     The Transferred Assets were of significant value, included property and equipment that was provided by Plaintiff but never paid for by the Judgment Debtor, and represented a substantial portion of the Judgment Debtor's remaining assets and resources available for the satisfaction of the Judgment, and upon further information and belief, the transfer of these Assets may have contributed to the insolvency of the Judgment Debtor.

34.     For all these reasons, the transfers, gifts, leases, and conveyances of the Transferred Assets to Defendants qualify as fraudulent transfers pursuant to 24 O.S.§ 112, *et seq.*, entitling Plaintiff to the avoidance of any such transfer, and the recovery of all property, money, asset, or interest as necessary to satisfy Plaintiff's Judgment.

7

35.     Plaintiff is further entitled, pursuant to 24 O.S. § 119(B), to levy execution against any of the Transferred Assets, or in the alternative, to the entry of judgment against Defendants pursuant to 24 O.S. § 120 in an amount equal to the value of the Transferred Assets at the time of any such transfer.

## SECOND CAUSE OF ACTION
### (Civil Conspiracy)

36.     Plaintiff re-alleges and incorporates by reference each and every material allegation in the foregoing paragraphs as if fully set forth herein.

37.     Judgment Debtor and Defendants, each of them and together, entered into an agreement to give, transfer, lease, or convey the Transferred Assets to Defendants for the purpose of benefitting themselves, protecting their own interests, and preventing Plaintiff from collecting its Judgment.

38.     The agreement between Judgment Debtor and Defendants to improperly and fraudulently transfer the Transferred Assets constitutes a civil conspiracy.  Plaintiff is therefore entitled to a judgment against all such parties, jointly and severally, for all amounts owed under or in connection with the Judgment, including all additional costs or damages incurred in these attempts to collect said Judgment, which amount is in excess of $75,000.00

## THIRD CAUSE OF ACTION
### (Constructive Trust/Disgorgement)

39.     Plaintiff re-alleges and incorporates by reference each and every material allegation in the foregoing paragraphs as if fully set forth herein.

40.     Based on the actions and conduct of Judgment Debtor and Defendants herein, Plaintiff requests that the Court impose a constructive trust for the benefit of Plaintiff upon any asset, money, property, income, or benefit which in any way relates to or is the result of the use of

any Transferred Asset, including all income, proceeds, and revenue created, generated, earned, or attributable to the use, lease, or sale of any such Transferred Asset.

41.     Additionally, because Judgment Debtor and Defendants have through means and methods which violate equity and good conscious, transferred, received, and retained the Transferred Assets, the Court should require the disgorgement of any income, money, or other benefit received by Defendants in relation to or as the result of the use, lease, or sale of the Transferred Assets, including all revenue or value generated, derived, earned, or taken, including any future revenue generated, derived, earned, or taken as result of these improper actions, which damages are in an amount in excess of $75,000.00.

### FOURTH CAUSE OF ACTION
**(Injunctive Relief)**

42.     Plaintiff re-alleges and incorporates by reference each and every material allegation in the foregoing paragraphs as if fully set forth herein.

43.     Judgment Debtor and Defendants have engaged in wrongful acts and conduct involving the improper and fraudulent conveyance and transfer of the Transferred Assets.

44.     Upon information and belief, Judgment Debtor and/or Defendants remain in possession of property, money, assets, and other interests related to or resulting from the use, lease, or sale of the Transferred Assets which should rightfully be applied towards the satisfaction of Plaintiff's Judgment.

45.     Further, because these Transferred Assets were of significant value and represent a substantial portion of the Judgment Debtor's remaining assets and resources available for the satisfaction of the Judgment, the previous and/or future transfer of these Assets may contribute to the insolvency of Judgment Debtor and/or Defendants.  As such, Plaintiff will be irreparably harmed if Defendants are permitted to further transfer, expend, dispose, or otherwise alienate the

Transferred Assets or any money, property, asset, or interest related to or derived, in whole or in part, from the use, sale, or transfer of the Transferred Assets.

46.    Plaintiff therefore requests that Judgment Debtor and Defendants be enjoined from expending, transferring, encumbering, or selling any money, property, asset, or interest in their possession which relates to the Transferred Assets, including any money, property, asset, or interest derived, in whole or in part, from the use, sale, or transfer of the Transferred Assets.

## PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff, Growtech Industries, LLC, prays for judgment and relief against Defendants Mary Mechanix, L.L.P., MMX, LLC, Hartstrong, LLC, Brian M. Armstrong, Joseph Neihart, Cryder Investments, LLC, Cryder Capital, LLC, C. Sterling Cryder, Liza B. Cryder, GuanXi Dynasty, LLC, Philip Wong, Charles Stanley Saner, Randall Tyson Saner, BDR Processing, LLC, Bryan Raymer, Quality Greens, LLC, and John Does 1-3 on each claim set forth above, for an award of compensatory damages in an amount to be proven at trial but in excess of $75,000.00, for all attorney fees and costs incurred by Plaintiff in connection with this matter, and for all such other and further relief as the Court deems to be just and proper.

Respectfully submitted,

_/s/ Mark K. Stonecipher_____
Mark K. Stonecipher, OBA No. 110483
John K. Williams, OBA No. 9652
FELLERS, SNIDER, BLANKENSHIP,
    BAILEY & TIPPENS, P.C.
100 Broadway, Suite 1700
Oklahoma City, OK 73102-8820
Telephone: (405) 232-0621
Facsimile: (405) 232-9659
Email: mstonecipher@fellerssnider.com
        jwilliams@fellerssnider.com
*Attorney for Plaintiff, Growtech Industries, LLC*

10