IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GROWTECH INDUSTRIES, LLC,           ) | |
|                                                                ) | |
|            Plaintiff,                                      ) | |
|                                                                ) | |
| -vs-                                                         ) | Case No. CIV-21-0841-F |
|                                                                ) | |
| MARY MECHANIX, L.L.P., et al.,      ) | |
|                                                                ) | |
|            Defendants.                                 ) | |

## ORDER

The court has a duty to determine its jurisdiction. <u>Tuck v. United Services Automobile Assoc.</u>, 859 F.2d 842, 844 (10th Cir. 1988). The complaint indicates that the parties in this action include limited liability companies, a partnership, and individuals. The complaint, however, fails to adequately allege the citizenship of each of these parties. The diversity of citizenship allegations are deficient for one or more of the following reasons.[1]

____ The pleading fails to identify the state of citizenship with specificity.[2] For example, it is not sufficient to allege that an individual or entity is not a citizen of State A.

---

[1] Lest it be thought that these requirements exalt formalities a bit too much, the court will note that it is not unusual for the Tenth Circuit, after a case has run its course in the district court, to remand the case because the jurisdictional allegations made at the very outset of the case were deficient – a turn of events that can and should be avoided so that the parties may litigate on the merits without having to worry about losing the benefit of a judgment in the final stage of the litigation.

[2] *See*, <u>Simmons v. Rosenberg</u>, 572 F. Supp. 823, 825 (E.D.N.Y. 1983) (merely averring that a party is a citizen of a state other than the state of New York is "clearly insufficient to establish diversity jurisdiction….").

____ The pleading does not clearly identify the nature of one or more entities (corporation, limited liability company, partnership, etc.) whose citizenship is relevant.  This is important because the jurisdictional facts which must be alleged vary, depending on the type of entity.

  X   An Individual.  *See*, complaint, ¶¶ 5, 6, 9, 10, 12, 13, 15, 17.
  X    The pleading does not allege the specific state in which an individual is a "citizen" or has "citizenship."  Allegations regarding residency are not sufficient because, for purposes of 28 U.S.C. §1332, citizenship and residence are two entirely distinct concepts.[3]

____ A Corporation.
   ____ The pleading does not clearly identify the entity as a corporation.
   ____ The pleading does not identify the state of incorporation.  It is not sufficient to allege that a corporation is licensed to do business in a state.
   ____ The pleading does not identify the state in which the corporation has its principal place of business.

---

[3] Residence alone is not the equivalent of citizenship.  State Farm Mut. Auto. Ins. Co. v. Dyer, 19 F.3d 514, 520 (10th Cir. 1994); Walden v. Broce Construction Co., 357 F.2d 242, 245 (10th Cir. 1966).  It is domicile, not residence, which is relevant for determining an individual's citizenship. Siloam Springs Hotel, L.L.C. v. Century Surety Co., 781 F.3d 1233, 1238 (10th Cir. 2015).  For any number of reasons, an individual can reside in one place but be domiciled in another place; for adults, domicile is established by physical presence in a place, coupled with an intent to remain there.  Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989).

   __X__   <u>Limited Liability Company (LLC)</u>.  *See*, complaint, ¶¶ 1, 3, 4, 7, 8, 11, 14, 16.

   ____   The pleading does not clearly identify the entity as an LLC.

   __X__   All of the members of each LLC are not identified; furthermore, each member's state of citizenship (which is not the same thing as residence, *see* n. 3, *supra*)[4] must be identified.

   __X__   All information necessary to determine the citizenship of each of the members of each of the LLCs is not alleged.  For example, if a member is another entity, then the type of entity must be clearly identified, and all information necessary to determine that entity's citizenship must be alleged, down through all layers of membership.[5]  Or, if a member is an individual, then the individual must be identified, and the individual's specific state of citizenship must be identified.  For example, it is not sufficient to allege that an individual is a citizen of a state other than Oklahoma.

   __X__   <u>Partnership</u>.  *See*, complaint, ¶ 2.

   ____   The pleading does not clearly identify the entity as a partnership.

   __X__   All of the partners are not identified.

   __X__   All information necessary to determine the citizenship of each of the partners is not alleged.  For example, if a partner is another entity,

---

[4] The corporate disclosure statement of Growtech Industries, LLC (doc. no. 2) identifies the members of this limited liability company.  That is not an adequate substitute for identifying the members in the complaint because, among other reasons, the disclosure statement indicates the two members are not citizens of Oklahoma, but it fails to identify in which specific state each member is a citizen.

[5] For example, if one of the members is an LLC, then *its* members, and their specific states of citizenship, as well as all underlying information necessary to support those conclusions, must be alleged, and so on.

then the type of entity must be clearly identified, and all information necessary to determine that entity's citizenship must be alleged, down through all layers of membership or partnership.

____ Other Types of Entities.[6]

____ The pleading does not clearly identify the type of entity.

____ All information necessary to determine the citizenship of the entity is not alleged.

__X__ Other Deficiencies.

__X__ The information necessary to determine the citizenship of an entity is not alleged down through all layers. This requirement applies to all parties that are entities other than corporations, such as LLCs and the partnership.

*Illustration*. Party A is an LLC. The citizenship of the members of an LLC are imputed to the LLC. Accordingly, the members of the LLC, and all jurisdictional information necessary to determine each member's state or states of citizenship, must be determined and alleged. The members of Party A are X and Y. X is an individual who is a citizen of Oklahoma. Y is another LLC (the second LLC). The members of Y are B and C. B is yet another LLC (the third LLC) and C is a corporation. The members of B are D and E. D is an individual who is a citizen of Texas. E is a partnership. The partners of E are F

---

[6] Regarding determination of citizenship for various types of entities, *see generally*, 15 James Wm. Moore, Moore's Federal Practice, §§ 102.50-102.58 (3d ed. 2020); Wright & Miller, 13 Fed. Prac. & Proc. Juris. § 3630.1 (3d ed.) (application of the citizenship rule for unincorporated associations).

and G. F is an individual who is a citizen of <u>Kansas</u>.  G is an individual who is a citizen of <u>Arkansas</u>.  Corporation C (the second member of Y) is incorporated in <u>Delaware</u> and has its principal place of business in <u>Florida</u>.  Based on the above, the states in which members of Party A are citizens are Oklahoma (X's state of citizenship); and Texas, Kansas, Arkansas, Delaware and Florida (Y's states of citizenship).  Party A is therefore deemed a citizen of Oklahoma, Texas, Kansas, Arkansas Delaware and Florida.

## Order to Cure Deficiencies.

Plaintiff, as the party invoking this court's subject matter jurisdiction based on diversity of citizenship, is **DIRECTED** to:

  <u>  X  </u>  File, within <u> 21 </u> days of the date of this order, a first amended complaint which includes the missing jurisdictional information.

  <u>  X  </u>  The required jurisdictional information may be alleged based on "information and belief."

  <u>  X  </u>  If the filer cannot allege the necessary information at this stage, the filer may file a short notice so stating, in which case the filer shall bring this issue to the attention of the court at the status and scheduling conference.

  <u>  X  </u>  Failure to comply may result in dismissal of this action without prejudice, or remand in a removed action.

IT IS SO ORDERED this 17th day of September, 2021.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

21-0841p001.docx