IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GROWTECH INDUSTRIES, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-21-841-D |
| ) | |
| MARY MECHANIX, L.L.P., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Plaintiff's Second Amended Motion for Default Judgment [Doc. No. 95], in which it seeks entry of default judgment against the following Defendants: MMX, LLC; Bryan Ramer; Brian Armstrong; Hartstrong, LLC; and Stronghart, LLC (collectively, the "Non-Responding Defendants"). On October 23, 2024, the Clerk entered default against the Non-Responding Defendants.[1] Although duly served with process, the Non-Responding Defendants have failed to appear, answer or respond, or take any other action in this case. Therefore, and for the reasons that follow, Plaintiff's Motion will be granted.

## BACKGROUND

On August 24, 2021, Plaintiff filed the present action alleging Defendants engaged in a scheme to fraudulently transfer various assets to avoid payments owed to Plaintiff.

---

[1] The Clerk also entered default against Defendant Mary Mechanix, L.L.P. However, for reasons discussed with the parties during the January 8, 2025 status conference, Plaintiff no longer seeks a default judgment as to Mary Mechanix, L.L.P. Therefore, the Clerk's Entry of Default [Doc. No. 92] against Defendant Mary Mechanix, L.L.P. is **VACATED**.

Compl. [Doc. No. 1]. Plaintiff's claims included avoidance of fraudulent transfer, civil conspiracy, constructive trust/disgorgement, and injunctive relief.

On September 17, 2021, Judge Stephen P. Friot ordered Plaintiff to cure certain jurisdictional deficiencies through the filing of an amended complaint. 9/17/2021 Order [Doc. No. 7].[2] On October 8, 2021, Plaintiff filed the First Amended Complaint [Doc. No. 8]. The Non-Responding Defendants were served with a Summons and a copy of the First Amended Complaint. *See* Return of Service of Summons [Doc. No. 41].

Numerous Defendants moved to dismiss the First Amended Complaint, but the Court declined to dismiss the case in full. Instead, in its order, the Court dismissed Counts III and IV—constructive trust/disgorgement and injunctive relief—without prejudice because both were forms of relief, not independent causes of action. 9/26/2022 Order [Doc. No. 50] at 17-18. However, the Court prospectively granted Plaintiff leave to amend to include its requests for relief in the appropriate section of the complaint. *Id.*

Accordingly, on October 20, 2022, Plaintiff filed the Second Amended Complaint [Doc. No. 55]. In compliance with the Court's prior order, Plaintiff moved its requests for a constructive trust/disgorgement and injunctive relief to the "Prayer for Relief" section of the Second Amended Complaint.[3] The Second Amended Complaint, however, contains the same substance as the First Amended Complaint.

---

[2] This case was transferred to the undersigned on November 5, 2021.

[3] In the instant Motion, Plaintiff also states that it added Hartstrong, LLC and Stronghart, LLC to the case caption of the Second Amended Complaint, though both were already named in the body of the First Amended Complaint. *See* Pl.'s Second Am. Mot. Def. J. at 3. Upon review, the First Amended Complaint already contained Hartstrong, LLC and Stronghart, LLC in the case caption. *See* First. Am. Compl. at 1 (listed as Defendants 14 and 15, respectively, in the case caption).

To date, despite being properly served, the Non-Responding Defendants have not appeared or taken any other action in the case. On October 23, 2024, the Clerk entered default against the Non-Responding Defendants for failure to plead or otherwise defend the present action. *See* Clerk's Entry of Default [Doc. No. 92]. Pursuant to Fed. R. Civ. P. 55(b), Plaintiff moves for entry of default judgment in the amount of $409,102.23, as set forth in the Second Amended Complaint.

## STANDARD OF DECISION

The entry of default judgment is committed to the sound discretion of the Court. *Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016). The Court may consider a variety of factors in the exercise of such discretion, including:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (internal citations omitted).[4] Default judgments are generally disfavored in light of the policy that cases should be decided on their merits whenever reasonably possible. *In re Rains*, 946 F.2d 731, 732–33 (10th Cir. 1991). Nonetheless, default judgment is viewed as a reasonable remedy when

---

Therefore, the only change made was moving its requests for a constructive trust/disgorgement and injunctive relief to the "Prayer for Relief" section of the Second Amended Complaint.

[4] "Although the *Ehrenhaus* test was born from a decision to dismiss a case, it is equally applicable to motions for default judgment." *Tom v. S.B., Inc.*, 280 F.R.D. 603, 610 (D.N.M. 2012) (citing *Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1323 (10th Cir. 2011)).

the adversary process has been halted because of an essentially unresponsive party. *See id.* at 733.

## DISCUSSION

I. **Plaintiff was not required to serve the Second Amended Complaint on the Non-Responding Defendants.**

At the outset, the Court endeavors to provide clarity on an issue implicated by the instant Motion. As discussed previously, on September 26, 2022, the Court ruled on motions to dismiss filed by several Defendants. *See* 9/26/2022 Order. In so doing, the Court prospectively granted Plaintiff leave to amend its complaint to move two requests for relief—a request for a constructive trust/disgorgement and a request for injunctive relief—to the "Prayer for Relief" section of the complaint, as opposed to labeling the requests as independent causes of action. *See id.* at 17, 18.[5] Accordingly, on October 10, 2022, Plaintiff filed its Second Amended Complaint. The only difference between the First Amended Complaint and Second Amended Complaint is the moving of the above-discussed requests for relief to the appropriate section of the Second Amended Complaint. *Compare* First Am. Compl., *with* Second Am. Compl.

---

[5] In its June 14, 2024 order denying Plaintiff's first motion for default judgment, the Court directed Plaintiff, should it refile its motion for default judgment, to "reference the Second Amended Complaint or provide an explanation and authority as to why Plaintiff chose to reference the First Amended Complaint." 6/14/2024 Order [Doc. No. 86]. In the instant Motion, Plaintiff states that because it "did not obtain leave to file its Second Amended Complaint, the filing of the same is 'without legal effect' and should not be considered." Pl.'s Second Am. Mot. Def. J. at 3. As discussed herein, that is not true. In its order ruling on the motions to dismiss, the Court explicitly provided Plaintiff leave to amend its complaint.

4

Although Plaintiff served the Non-Responding Defendants with a copy of the First Amended Complaint, there is no indication that Plaintiff served a copy of the Second Amended Complaint. However, Fed. R. Civ. P. 5(a)(2) provides that "[n]o service is required on a party who is in default for failing to appear" unless it is a "pleading that asserts a new claim for relief against such a party . . . ." Here, the Non-Responding Defendants were served with a copy of the First Amended Complaint but never answered or took any other action in the case. The Second Amended Complaint did not assert a new claim against any of the Non-Responding Defendants; indeed, it restyled two claims as requests for relief and made a minor change to the case caption.

Under these circumstances, the Court finds that Plaintiff was not required to serve the Non-Responding Defendants with a copy of the Second Amended Complaint. *See Bodied by Bella Boutique LLC v. Bodyed by Bella LLC*, No. 2:21-cv-00693, 2023 WL 356238, at *4 (D. Utah Jan. 23, 2023) ("Therefore, service under Rule 5(a)(2) does not apply where the amended pleading contains only minimal changes and does not assert any new claims."); *Belkin v. Islamic Republic of Iran*, 667 F. Supp. 2d 8, 20 (D.D.C. 2009) ("Plaintiff did not serve the amended complaint on defendants. Where changes made in an amended complaint are 'not substantial,' the requirement of Rule 5(a)(2) of the Federal Rules of Civil Procedure that a pleading that states a new claim for relief against a party in default must be served on that party is not applicable."); *Blair v. City of Worcester*, 522 F.3d 105, 109 (1st Cir. 2008) ("Rule 5(a)(2) ensures that a party, having been served, is able make an informed decision not to answer a complaint without fearing additional

exposure to liability for claims raised only in subsequent complaints that are never served.").

## II.     Plaintiff is entitled to a default judgment.

Rule 55 of the Federal Rules of Civil Procedure provides two distinct sequential steps when a defendant fails to answer or otherwise defend against an action: the entry of default and the entry of a default judgment. *See* Fed. R. Civ. P. 55(a), (b); *Guttman v. Silverberg*, 167 F. App'x 1, 2 n.1 (10th Cir. 2005) ("The entry of default and the entry of a judgment by default are two separate procedures."). Initially, the Clerk must enter default. Fed. R. Civ. P. 55(a). Only after the Clerk has entered default may a party seek default judgment. *Garrett v. Seymour*, 217 F. App'x 835, 838 (10th Cir. 2007) (holding that entry of default is a prerequisite for the entry of a default judgment under Rule 55(b)(1)).

The procedural requirements for a grant of default judgment by the Court require that the application be accompanied by an affidavit in compliance with LCvR55.1, which states "[n]o application for a default judgment shall be entertained absent an affidavit in compliance with the Servicemembers Civil Relief Act, [50 U.S.C. § 3931]." Here, the Non-Responding Defendants have failed to answer or plead, default was entered, and Plaintiff has satisfied the Court's procedural requirements. *See* Pl.'s Second Am. Mot. Def. J., Ex. 1 [Doc. No. 95-1].

Upon an entry of default, the Court takes all of the well-pleaded facts in a complaint as true. *See Tripodi*, 810 F.3d at 765 (noting that after default is entered, "a defendant admits to a complaint's well-pleaded facts and forfeits his or her ability to contest those facts"); *see also United States v. Craighead*, 176 F. App'x 922, 924 (10th Cir. 2006) ("The

6

defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975))).

The Court, however, need not accept the moving party's legal conclusions or factual allegations relating to the amount of damages sought. Therefore, before granting a default judgment, the Court must first ascertain whether the uncontested facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law. *See, e.g., Mathiason v. Aquinas Home Health Care, Inc.*, 187 F. Supp. 3d 1269, 1274–75 (D. Kan. 2016) ("'Even after default, it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment since a party in default does not admit conclusions of law.' . . . Furthermore, a default judgment does not establish the amount of damages. . . . Plaintiff must establish that the amount requested is reasonable under the circumstances." (internal citations omitted)); *see also Gunawan v. Sake Sushi Restaurant*, 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012) ("[A] default does not establish conclusory allegations, nor does it excuse any defects in the plaintiff's pleading. Thus, with respect to liability, a defendant's default does no more than concede the complaint's factual allegations; it remains the plaintiff's burden to demonstrate that those uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action.").

"'If [a] defendant does not contest the amount prayed for in the complaint [by failing to answer] and the claim is for a sum certain or a sum that can be made certain by

7

computation, the judgment generally will be entered for that amount without any further hearing.'" *Craighead*, 176 F. App'x at 925 (internal citation omitted); *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985) ("[A] court may enter a default judgment without a hearing only if the amount claimed is a liquidated sum or one capable of mathematical calculation."). Accepting the well-pled allegations in the Second Amended Complaint as true, and for the reasons stated below, the Court finds that the allegations support entry of default judgment. The amount prayed for in the Second Amended Complaint and referenced in the instant Motion—$409,102.23—is a sum certain stemming from the foreign judgment obtained by Plaintiff in the Southern District of New York. Further, the Court finds that the allegations, as set forth in the Second Amended Complaint, establish the Non-Responding Defendants' liability on Plaintiff's avoidance of fraudulent transfer and civil conspiracy claims.

The Second Amended Complaint alleges that Plaintiff and Defendant Mary Mechanix, L.L.P. entered into an agreement under which Mary Mechanix was to pay $1,914,388.00 for services and goods. Second Am. Compl., ¶ 23. However, Mary Mechanix paid only $1,551,444.24, leaving an unpaid balance of $362,943.75.[6] *Id.* Plaintiff sued Mary Mechanix in the Southern District of New York, but, after being served and filing a responsive pleading, Mary Mechanix advised the court that it no longer intended to defend the action. *Id.*, ¶ 24. The court entered default judgment in favor of

---

[6] $1,914,388.00 minus $1,551,444.24 is $362,943.76, not $362,943.75. It is unclear why Plaintiff seeks the latter amount, but the Court finds the difference trivial, especially since it is less than the amount to which Plaintiff is entitled.

Plaintiff and against Mary Mechanix in the principal amount of $362,943.75, costs in the amount of $518.17, and additional costs and accruing interest. *Id.*, ¶ 25.[7] Plaintiff then proceeded to domesticate the judgment in Oklahoma County District Court, and the state court conducted a hearing on assets. *Id.*, ¶¶ 26, 27. Based on testimony and evidence at the hearing, it was discovered that certain monies, property, assets, and other interests belonging to Mary Mechanix were improperly transferred to other Defendants in this case. *Id.*, ¶ 28. Plaintiff alleges that the transfers "were done in anticipation and/or in the face of the entry of" Plaintiff's default judgment obtained in the Southern District of New York and "for the purpose of avoiding the payment of that and other obligations owed to Plaintiff." *Id.*, ¶ 29.

Accordingly, it is evident from the record before the Court that the Non-Responding Defendants are liable to Plaintiff, and Plaintiff has suffered calculable damages as a direct result. Because the Non-Responding Defendants have failed to respond or defend this action in any way since its inception in 2021, the Court finds default judgment is appropriate under the circumstances. Upon review of the submissions, the Court finds that Plaintiff is entitled to damages in the amount of $409,102.23.

---

[7] In the Second Amended Complaint, Plaintiff alleges that, as of the date of filing, the default judgment obtained in the Southern District of New York totaled $409,102.23—*i.e.*, the amount Plaintiff seeks in the instant Motion.

## CONCLUSION

For these reasons, Plaintiff's Second Amended Motion for Default Judgment [Doc. No. 91] is **GRANTED**, as more fully set forth herein. A separate Default Judgment shall be entered accordingly.[8]

**IT IS SO ORDERED** this 4th day of March, 2025.

TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[8] Plaintiff states that it "dismisses without prejudice the following Defendants: Mary Mechanix, LLP, BDR Processing, LLC, Joseph Neihart and John Does 1-3." Pl.'s Second Am. Mot. Def. J. at 4. Plaintiff is directed to file a separate notice of dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).